UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMALIA PEREZ, et al., | Case No. 2:12-cv-01436-RCJ-PAL |
| Plaintiffs, | ORDER |
| v. | (Mot Compel Disc – Dkt. #76) |
| WAGNER TRANSPORTATION, et al., | |
| Defendant. | |

The court conducted a hearing on Defendants Wagner Transportation and Lucretia Kay Chavez's Motion to Compel Discovery and/or Request for FRCP 37 Sanctions for Plaintiffs' Failure to Participate in Discovery (Dkt. #76) on April 22, 2014. Benjamin Cloward appeared on behalf of the Plaintiffs, and Michael Hall appeared on behalf of the Defendants. The court has considered the Motion, Plaintiffs' Opposition (Dkt. #78), Defendants' Reply (Dkt. #80), and the arguments of counsel at the hearing.

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed August 14, 2012. The Plaintiffs are the heirs of the Estate of Celso Caloca-Lopez, deceased. Plaintiffs filed a First Amended Complaint (Dkt. #4) ("FAC") September 19, 2012. The FAC alleges that on August 16, 2010, the decedent Celso Caloca-Lopez was a passenger in a vehicle driven by his son, Defendant Eduardo Perez-Lopez. *Id.* ¶25. Eduardo Perez-Lopez was driving northbound on U.S. 93 in Elko County and lost control of his 2001 Ford Explorer. *Id*. ¶¶26-28. His loss of control resulted in a rollover accident. *Id.* ¶¶28-29. The decedent was ejected from the vehicle and fell on the center line of the road. *Id*. ¶30. Defendant Lucretia Kay Chavez was driving a tractor trailer owned by Defendant Wagner southbound on U.S. 93, and ran over the decedent. *Id*. ¶31. The FAC asserts claims for (1) negligence; (2) negligent entrustment; (3) negligence per se; (4) negligent hiring,

1

1  retention and supervision; (5) respondeat superior; and (6) vicarious liability.  The Complaint
2  and FAC initially named Ford Motor Company as the Defendant.  However, on February 21,
3  2013, the district judge granted the parties' stipulation dismissing Ford Motor Company with
4  prejudice.
5        In the current motion, the Defendants seek an order compelling Plaintiff Amalia Perez to
6  answer interrogatories and appear for deposition.  The Defendants also seek an order compelling
7  Defendant Celso Perez-Lopez, Jr. to verify his answers to interrogatories and appear for
8  deposition.  Finally, Defendants seek an order compelling Gabriel Perez-Lopez to provide
9  verification for his answers to interrogatories.  Amalia Perez failed to appear for depositions
10  twice in this case.  Celso Perez-Lopez also failed to appear for his deposition twice.  However,
11  he has been incarcerated in Salt Lake City, Utah, and has responded to interrogatories, although
12  he did not verify his answers.  Defendants request sanctions under Fed. R. Civ. P. 37(d) asserting
13  that the Plaintiffs' failure to comply with their discovery obligations is neither substantially
14  justified nor harmless .  Defendants point out that sanctions for failure to attend a noticed
15  deposition or failure to respond to discovery requests are mandatory unless the court finds that
16  the failure was substantially justified or other circumstances make an award of expenses unjust.
17  Some courts have held that dismissal is a proper sanction under Rule 37(d) for failing to appear
18  for a scheduled deposition.  Defendants suggest that the appropriate sanction in this case is to
19  preclude the non-complying Plaintiffs from participating at the trial of this matter.
20        Plaintiffs oppose the motion asserting that Celso, Jr. was unable to attend his deposition
21  because he has been in custody in Salt Lake City.  Plaintiffs' counsel originally believed he
22  would be released earlier, and the parties stipulated to an extension of the discovery cutoff
23  consistent with his anticipated date of release to depose him.  However, Plaintiffs' counsel
24  recently learned that Celso, Jr. would be in jail an additional three months.  Plaintiffs are willing
25  to set up a deposition at the Salt Lake City jail and cover the Defendants' expenses for the
26  deposition.
27        With respect to Amalia Perez, she lives in Mexico and cannot travel to the United States
28  because she does not have proper travel documents.  Plaintiffs' counsel has requested that

1  Defendants' counsel take her deposition via telephone, but Defendants have not agreed to do so.
2  Plaintiff's counsel acknowledges that verifications are still needed and promises to move swiftly
3  to get them completed.  Plaintiffs also acknowledge that Amalia Perez has not responded to
4  interrogatories.  However, Plaintiffs argue that exclusion of Amalia and Celso, Jr. at trial is an
5  extreme sanction that is not warranted under the circumstances of this case.  Counsel for Plaintiff
6  asks that the court deny the motion and allow the parties to come to an agreement in resolving
7  the discovery issues at hand because the Plaintiffs are willing to work with Defendants.

8  During oral argument, counsel for Plaintiffs presented the verifications for Celso, Jr. and
9  Gabriel Perez-Lopez's answers to interrogatories.  The court requested clarification from counsel
10 for Plaintiffs why Amalia Perez was unable to travel, whether she had applied for travel
11 documents and had been denied, whether an immigration issue precluded her from entering the
12 United States, or whether she was just not cooperating with counsel.  Counsel for Plaintiffs
13 indicated he did not know the reasons his client could not obtain travel documents or enter the
14 United States.  He indicated that she lives in a small town, one-and-a-half hours away from a
15 major city, and has not been in communication with counsel.  Plaintiffs' counsel has been in
16 communication with her children, who are Plaintiffs in this case, who have had regular contact
17 with her.  However, she has not responded to efforts to obtain discovery from her, or been in
18 contact with counsel.

### DISCUSSION

20 Rule 37 authorizes a wide range of sanctions for a party's failure to engage in discovery.
21 The court has authority under Rule 37(b) to impose litigation-ending sanctions. *See Shepherd v.*
22 *American Broadcasting Co., Inc.,* 62 F.3d 1469 (D.C. Circuit 1995) (holding the court may
23 impose litigation-ending sanctions where it finds by clear and convincing evidence that abusive
24 litigation behavior occurred unless their sanction would not sufficiently punish and deter the
25 misconduct).  In *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d, 521 (9th Cir.
26 1997), the Ninth Circuit upheld the district judge's entry of default judgment against a defendant
27 for violating the court's order to appear for his deposition after he repeatedly failed to submit to a
28 deposition.  Before a court may dismiss a case for non-compliance with discovery under Rule 37,

3

the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *Payn v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

In this case, it is undisputed that Plaintiff Amalia Perez has not cooperated in discovery or been in recent communication with her counsel. She has not responded to written discovery served July 8, 2013, and has not appeared for two duly-noticed depositions. Counsel was unable to provide a satisfactory explanation for her failure to respond to discovery or keep in contact. Under these circumstances, the court will grant the motion to compel and require her to provide full and complete verified answers to interrogatories, without objections, no later than thirty days. The court will also require her to provide an explanation, under oath, concerning why she is unable to obtain travel documents to enter the United States to have her deposition taken in this case. Failure to timely comply with the court's order compelling her to provide verified answers to interrogatories, and provide an explanation under oath for her failure to attend deposition, will result in a recommendation to the district judge of case-dispositive sanctions.

Two other non-complying Plaintiffs have finally provided verification to their answers to interrogatories. Celso, Jr. has not been deposed only because he is incarcerated. During the hearing, counsel for Defendants indicated he would prefer not to travel to Salt Lake City to depose Celso, Jr. in custody. As Celso, Jr. has otherwise cooperated in providing discovery responses and has not appeared only because he is incarcerated, the court will allow the parties to depose him in Las Vegas upon his release outside the discovery cutoff.

Having reviewed and considered the moving and responsive papers and arguments of counsel,

**IT IS ORDERED** that:

1. Defendants' Motion to Compel discovery and/or Requests for Rule 37 Sanctions (Dkt. #76) is **GRANTED in part** and **DENIED in part** consistent with the body of this order.

2. Plaintiff Amalia Perez's failure to timely comply with this order compelling her to provide verified answers to interrogatories, and an explanation under oath for her failure to

4

1  attend two duly-noticed depositions will result in a recommendation to the district judge of case-dispositive sanctions.

3.  Should Plaintiff Amalia Perez timely comply with this order, counsel shall meet and confer to make arrangements for her deposition.  If the parties are able to reach a mutually satisfactory arrangement, a stipulation and proposed order should be submitted to the court.  If the parties are unable to agree, after a good-faith effort to resolve their dispute without court intervention, Defendants may apply to the court for appropriate relief.

DATED this 24th day of April, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE